**SO ORDERED.**

**SIGNED this 12th day of March, 2015.**



Dale L. Somers
United States Bankruptcy Judge

___

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>**JAMES LESTER COLE,**<br><br>DEBTOR. | CASE NO. 13-11624<br>CHAPTER 7 |

### MEMORANDUM OPINION AND JUDGMENT
### GRANTING TRUSTEE'S MOTION FOR TURNOVER

On March 3, 2015, trial was held on the Trustee's Motion for Turnover.[1] The Trustee appeared by J. Michael Morris of Klenda Austerman LLC. The Debtor, James Lester Cole, in person and by William H. Zimmerman, Jr. of Eron Law. Mr. Cole testified, exhibits were admitted, and closing arguments were presented. The Court then

---

[1] Doc. 57. This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). A motion for turnover is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(E). There is no objection to venue or jurisdiction over the parties.

announced on the record its findings of fact, which are incorporated herein by this reference. The Court placed the case under advisement for the purpose of making conclusions of law. Having further considered the matter, the Court now enters judgment for the Trustee for the following reasons.

The Trustee's motion contends that funds received by the Debtor post-petition,[2] the source of which were sale proceeds that were "held-back" from the prepetition sale of substantially all of the assets of JLC Investments, Inc. (JLC), are property of the estate and should be turned over to the Trustee. Section 541 defines the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." Under this definition, "contingent interests are property of the bankruptcy estate even if the rights do not accrue or are uncertain until a date after the bankruptcy filing."[3]

In this case, when Debtor filed for relief under Title 11 he had a contingent interest in a $4,000 draw which he received post-petition from JLC. Debtor was the sole stockholder of JLC, a sub-S corporation. Prepetition the assets of JLC were sold. On June 15, 2013, JLC wrote check number 46634 payable to Debtor as a draw, with the expectation that there would not be sufficient funds to cover the check unless "hold back" funds from the sale of JLC's assets were received. Debtor filed for relief under Chapter 7 on June 27, 2013. Through payment of "hold back" funds, JLC received and deposited

---

[2] The Trustee is not contending that all of the "hold back" revenues are property of the estate. JLC, not the Debtor, was the seller of the assets and therefore entitled to the payment.

[3] *In re Dittmar*, 618 F.3d 1199, 1208 (10th Cir. 2010).

2

funds sufficient to cover the draw on July 10, 2013.  The $4,000 check payable to Debtor dated June 15, 2013 cleared JLC's bank account on July 12, 2013.

The Trustee's motion for turnover is granted in the amount of $4,000.  Debtor's interest in the $4,000 was a contingent interest which was property of the estate.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting the Trustee's motion for turnover of $4,000.  The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

###